IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN BEARD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-2395 |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 7th day of April, 2016, after considering the complaint (Doc. No. 3), the answer (Doc. No. 7), and the administrative record (Doc. No. 8); and after considering the report and recommendation filed by United States Magistrate Judge Richard A. Lloret (Doc. No. 16); and after reviewing the plaintiff's brief and statement of issues in support of the request for review (Doc. No. 11), the defendant's response to the request for review (Doc. No. 12), and the plaintiff's reply brief (Doc. No. 14); and after considering the defendant's objection to the report and recommendation (Doc. No. 17); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to return this matter to the court's active docket;

2. The defendant's objection to the report and recommendation (Doc. No. 17) is **OVERRULED**;[1]

---

[1] This court's review of the contested portion of the report and recommendation is plenary. In the words of the applicable statute, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, No. CV 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

3. The report and recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

4. The plaintiff's request for review is **GRANTED** insofar as he requests that the decision of the Commissioner be vacated and remanded for further proceedings;

5. The final decision of the Commissioner is **VACATED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the report and recommendation; and

6. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

The sole issue raised in the defendant's objection centers on whether the ALJ's determination that the Commissioner satisfied her burden of "establishing the existence of other available work that the claimant is capable of performing" is supported by substantial evidence. *Id.* at 612 (citations omitted). Magistrate Judge Lloret has recommended that the court remand this matter so that the ALJ can address a potential inconsistency between the vocational expert's testimony that the plaintiff was capable of working in jobs that have reasoning levels of two or three and the ALJ's reliance on Dr. Croyle's finding that the plaintiff is limited to carrying out "very short and simple instructions" (a finding that may be better geared toward a reasoning level of one). *See* R. & R. at 11-16, Doc. No. 16; R. at 24-26, 73. Disputing neither the Magistrate Judge's characterization of the reasoning levels associated with the jobs identified by the vocational expert nor the Magistrate Judge's finding that the ALJ adopted Dr. Croyle's opinions in setting the plaintiff's limitations, the Commissioner makes the sole argument that the above inconsistency does not exist because there is no legal authority for the proposition that a limitation to carrying out "very short and simple instructions" exclusively equates to a reasoning level of one. *See* Obj. at 2-6, Doc. No. 17.

Given this framing of the issue, and for substantially the same reasons given by the Magistrate Judge, the court concludes that remand is warranted. The court also notes that the reasoning appearing in *Meloni v. Colvin*, 109 F. Supp. 3d 734 (M.D. Pa. 2015), provides further support for this disposition. As noted in that case, it appears that any confusion surrounding the symmetry (or lack thereof) between the plaintiff's capacity to perform as noted by Dr. Croyle and the capacity required to perform the type of jobs identified by the vocational expert may be a product of not taking seriously the distinction between the ability to follow simple instructions, let alone very simple ones, and the ability to perform simple tasks. *See Meloni*, 109 F. Supp. 3d at 743. Or maybe not. Either way, and because there is no suggestion that such an error (should one have occurred) would have been harmless, the plaintiff is entitled to have this potential uncertainty resolved.